28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard Lee STEWART, Petitioner-Appellant,
v.
Charles ADKINS and Indiana Attorney General, Respondent-Appellees.
 No. 92-2816.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 14, 1994.*
Decided July 18, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judge.
 
 ORDER
 
 1
 After a bench trial in July 1982, Richard Lee Stewart was convicted in Indiana of felony murder and robbery. He received concurrent sentences of forty and thirty years. Stewart's felony murder conviction was affirmed on direct appeal, however, his robbery conviction was vacated. Hicks v. State, 474 N.E.2d 987 (Ind.1985). Having exhausted his state remedies, Stewart now seeks relief under 28 U.S.C. Sec. 2254, raising two issues: prosecutorial misconduct and ineffective assistance of counsel. The district court denied Stewart's petition and we affirm.
 
 
 2
 Stewart argues that the prosecutor engaged in misconduct by offering misleading evidence at trial. Before two police officers testified that Stewart confessed to the murder, the prosecutor introduced a waiver of rights signed by Stewart. However, according to Stewart, the waiver was not general, but applied solely to information Stewart provided about a stolen vehicle. He argues that because the waiver was introduced as a foundation to the police officers' testimony, it created an inference that he had signed such a waiver prior to confessing to murder.[1]
 
 
 3
 In reviewing a claim of prosecutorial misconduct, the court must look at any improper conduct discovered in light of the entire record and determine whether the defendant was denied a fair trial. United States v. Badger, 983 F.2d 1443, 1450-51 (7th Cir.), cert. denied, 113 S.Ct. 2391 (1993); United States v. Goodapple, 958 F.2d 1402, 1409-10 (7th Cir.1992). Here, Stewart claims that "[t]he testimony of the Arkansas police was the prosecution's primary evidence against Appellant." Reply Br. 6. Thus, in Stewart's view, anything that served to undermine or enhance the credibility of the officers altered "the entire evidentiary picture." Stewart argues that at trial he brought into question the officers' credibility by pointing out their failure to include the alleged confession in the police report. Therefore, the prosecutor's misconduct in creating a "false inference" was prejudicial because it rehabilitated the officers.
 
 
 4
 Stewart has failed to convince us that his trial was rendered unfair by the prosecutor's alleged misconduct. First, the testimony of the officers was not the primary evidence against Stewart. Two other witnesses testified that Stewart told them he was responsible for the death of the victim. Hicks, 474 N.E.2d 988-89. They also testified that Stewart had blood on his clothing and they saw Stewart in possession of belongings of the victim, including his car, his checkbook, and a television. Id. Although Stewart argued on appeal that the testimony of these individuals was inherently unbelievable, the Supreme Court of Indiana did not agree. Id. at 990. Secondly, Stewart places too much weight on any inferences that may have been drawn from the fact that he waived his rights prior to confessing.
 
 
 5
 Stewart next argues that counsel rendered ineffective assistance.[2] To successfully establish an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993); Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Under the performance prong, the defendant bears a heavy burden in overcoming the presumption that counsel rendered reasonably effective assistance. See Strickland, 466 U.S. at 689. Under the prejudice prong, the defendant must establish that counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993).
 
 
 6
 Stewart argues that counsel was ineffective because he failed to adequately investigate the case and prepare a defense. Specifically, he claims that counsel failed to interview and call witnesses on his behalf. However, the Court of Appeals of Indiana affirmed the lower court's finding after a post-conviction hearing that counsel thoroughly prepared for trial and interviewed all witnesses. That finding is presumptively correct. 28 U.S.C. Sec. 2254(d); see also Montgomery v. Greer, 956 F.2d 677, 680 (7th Cir.), cert. denied, 113 S.Ct. 460 (1992). To establish that counsel was ineffective in failing to call a particular witness, Stewart must prove that the witness's testimony would have produced a different result. Bae v. Peters, 950 F.2d 469, 476 (7th Cir.1991); United States ex rel. Cross v. DeRobertis, 811 F.2d 1008, 1014 (7th Cir.1987).
 
 
 7
 Stewart claims that counsel should have called Betty Sauter to testify that she saw a man and a woman enter the victim's apartment the day after the murder and remove some articles. We agree with the Court of Appeals of Indiana that because Stewart had told counsel that he and a young lady had taken some things from the apartment, counsel's decision not to call Sauter was tactical and therefore not subject to judicial review. See Coogan v. McCaughtry, 958 F.2d 793, 799 (7th Cir.), cert. denied, 113 S.Ct. 495 (1992). Moreover, Sauter's testimony would not have cast such doubt on Stewart's guilt that the result would have been different.
 
 
 8
 Stewart claims that counsel should have called Don Henry to testify that the night of the murder, he saw another suspect leave the bar with the victim.[3] Henry's testimony may have corroborated Stewart's own testimony that the victim was with a third person when he left the bar and the three men met on the street where they decided to go to the victim's apartment. Although Henry's testimony would not have been worthless, Stewart has not proven that it would have produced a different outcome. The fact-finder could very well have believed that a third person was involved and still have convicted Stewart.
 
 
 9
 Stewart argues that counsel should have called Robert Heidenreich, who would have testified that the victim often brought men to his apartment, as well as the victim's psychological counselor, who would have testified to the victim's depression. However, counsel's conclusion that such testimony is not probative was reasonable and therefore counsel's failure to introduce it as evidence did not amount to ineffective assistance of counsel.
 
 
 10
 Stewart also claims that counsel was ineffective in failing to introduce exculpatory evidence that was in his possession. However, the evidence Stewart claims counsel should have offered in his defense--a waiver of rights signed by Stewart, his written statement concerning an auto theft, and a police report following his arrest--was not sufficiently exculpatory that the failure to introduce it amounts to ineffective assistance. The negative inference, that because none of those documents mention a confession of murder, no such confession occurred, is not sufficiently compelling.
 
 
 11
 Despite Stewart's challenge to the actual existence of a confession, he also claims that counsel was ineffective in failing to thoroughly investigate the voluntariness of his confession. However, he offers nothing to suggest that his confession was involuntary. Without a basis for questioning the voluntariness of Stewart's confession, we will not second guess counsel's determination that it was not an issue in this case.
 
 
 12
 Stewart's remaining ineffective assistance of counsel claim is that counsel failed to object to the prosecutor's introduction of false and misleading evidence. However, because we have already concluded that this claim lacks merit, counsel was not ineffective for failing to raise it.
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 By failing to raise his claim on direct appeal or in his post-conviction proceeding, Stewart has waived it. Fagan v. Washington, 942 F.2d 1155, 1157 (7th Cir.1991). However, because the respondents have waived waiver, we address the merits of Stewart's claim. Id
 
 
 [2]
 Although Stewart's trial counsel did not represent him on direct appeal and his appellate counsel did not raise an ineffective assistance of counsel claim, the respondents do not argue procedural default
 
 
 [3]
 It is not clear that Stewart persists with his claims that counsel should have called witnesses other than Sauter. However, because he made those claims in the district court and the respondents have addressed them in their appellate brief, we will dispose of them here